UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-cr-20410-LENARD/Turnoff

UNITED STATES OF AMERICA,

v.

ARTRELL TERRENCE GRAY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned upon Defendant Artrell Terrence Gray's Motion to Suppress for Franks Violation. **[DE 675]**. This matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida. **[DE 678]**. A hearing on this motion was held on May 10, 2011. **[DE 724]**. The Court has considered the arguments, the court file, the applicable law, and is otherwise duly advised in the premises.

### First Motion to Suppress

Defendant Artrell Terrence Gray previously filed a Motion to Suppress in connection with the search of Defendant's residence located at 3001 NW 174th Street, Miami Gardens, FL ("the 3001 property").**[DE 598]**. It was heard before the undersigned on February 16, 2011. **[DE 614]**. At the hearing, defense counsel represented that there was a possible Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), issue in connection with one of the statements supporting probable cause set forth in the search warrant affidavit.

The affidavit was prepared by Federal Bureau of Investigations ("FBI") Special Agent Lionel S. Lofton, Jr. Magistrate Judge Patrick White signed the search warrant. The probable cause to

CASE NO.: 10-cr-20410-LENARD/Turnoff

search the 3001 property was based upon three allegations: (1) that there were wiretap interceptions obtained from the Miami Gardens Police Department ("MGPD") indicating that the 3001 property was being used for storing narcotics and firearms; (2) that an individual arrested for possession of marijuana several days prior to the application for the search warrant made a statement that the 3001 property was currently being used for the distribution of narcotics and contained firearms and ammunition; and (3) that, on November 6, 2009, MGPD detectives observed approximately 15-20 individuals known to be members of the "Murda Grove Boys" gang at the 3001 property.

After the hearing, the undersigned issued a Report and Recommendation recommending that the Motion to Suppress be denied. **[DE 716]**. The undersigned found that there was probable cause to search the 3001 property based upon the wire intercepts, the information provided by the arrestee, and the presence of multiple gang members known to engage in narcotics distribution. The undersigned further found that, even if the search warrant had been deficient in probable cause, the good faith exception to the exclusionary rule operated to justify the officers' reliance thereon.

### Second Motion to Suppress

Defendant proceeded to file the instant motion to suppress arguing that, while preparing for the hearing on the first motion to suppress, defense counsel learned of the possibility of a Franks violation with respect to the third averment in the affidavit. The affidavit provided as follows: "On November 6, 2009, MGPD Detectives drove by the residence and observed approximately 15-20 individuals at the residence. The Detectives reported that the individuals observed were known to them as being members of the Murda Grove Boys." Defendant argued that Agent Lofton's statement was a material misrepresentation because (1) Agent Lofton knew that these individuals were not at

CASE NO.: 10-cr-20410-LENARD/Turnoff

the 3001 residence but on the neighboring property; and, (2) Agent Lofton omitted information that was available to him from MGPD Detectives Derek Rodriguez and Carlos Velez that various individuals were gathered at the house next door to the 3001 property due to the filming of a music video.

Defendant alleged that he is a musician with numerous songs and music videos to his credit. On November 6, 2009, Defendant, along with various individuals, was filming footage for a music video in the house adjacent to the 3001 property. Moreover, Defendant alleged that Detectives Rodriguez and Velez stopped by the scene and verified that a music video was being filmed. As such, Defendant asserted that Agent Lofton knowingly made false statements and/or omissions because the individuals were gathered near the address but not at or in front of the 3001 property and the MGPD Detectives knew that the presence of various individuals was due to the filming of a music video.

Defendant argued that when these false or misleading statements were stricken, as required by Franks, the remaining allegations failed to support a finding of probable cause. Consequently, Defendant sought a Franks hearing. The Government responded that Defendant's allegations of misrepresentations and/or omissions were without merit and that Defendant failed to meet the burden sufficient to warrant a Franks hearing.

The undersigned heard oral argument on the possible Franks issue May 10, 2011. Upon consideration of the written and oral arguments, the undersigned finds that Defendant failed to make the substantial preliminary showing necessary for the granting of a Franks hearing.

CASE NO.: 10-cr-20410-LENARD/Turnoff

## Discussion

Under Franks, a defendant must initially make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit . . . ." 438 U.S. at 155-56. This standard likewise applies to material omissions of fact. Madiwale v. Savaiko, 117 F.3d 1321, 1327 (11th Cir. 1997); United States v. Clapp, 46 F.3d 795, 799 (8th Cir. 1995). Any challenged omissions in an affidavit must have been made intentionally or with a reckless disregard for the accuracy of the affidavit. Madiwale, 117 F.3d at 1327. Omissions are made with reckless disregard if the information omitted is the kind of information that a reasonable person would expect a judge to want to know. Wilson v. Russo, 212 F.3d 781, 788 (3rd Cir. 2000). Negligent or immaterial omissions, however, will not invalidate a warrant. Madiwale, 117 F.3d at 1327.

The burden is on Defendant to show that any misrepresentation and/or omission was intentional or reckless and not merely negligent. U.S. v. Van Horn, 789 F.2d 1492, 1500 (11th Cir. 1986). A defendant must carry his burden of proving that (1) the alleged misrepresentations or omissions were knowingly or recklessly made by the affiant, and (2) the result of excluding the alleged misrepresentations and including the alleged omissions would have been a lack of probable cause for issuance of the warrant. United States v. Novaton, 271 F.3d 968, 986-987 (11th Cir. 2001) (citations omitted).

"To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross examine." Franks, 438 U.S. at 171, 98 S.Ct. at 2684. Significantly, the "allegations of deliberate falsehood or reckless disregard for the truth

CASE NO.: 10-cr-20410-LENARD/Turnoff

must be accompanied by an offer of proof." United States v. Haimowitz, 706 F.2d 1549, 1556 (11th Cir. 1983) (quoting Franks, 438 U.S. at 171, 98 S.Ct. at 2684). If the defendant is able to establish perjury or reckless disregard for the truth by a preponderance of the evidence, the false material in the affidavit must be excised and the remaining statements analyzed for probable cause. Franks, 438 U.S. at 155-56, 98 S.Ct. at 2676. If after extraction there is sufficient evidence to support probable cause, no Franks hearing is required. Id. If, however, there is insufficient evidence to support probable cause, then "the Fourth Amendment requires that a hearing be held at the defendant's request." Id.; See also, United States v. Arbolaez, 450 F.3d 1283, 1293 (11th Cir. 2006).

In this case, Defendant's allegations are insufficient to establish that the Government intentionally or recklessly misrepresented and/or omitted any information in the Affidavits supporting the search warrant application for the 3001 property. Defendant has not provided any offer of proof in the form of an affidavit or other sworn statement supporting the facts that he proffers to the Court. While Defendant argued that MGPD Detectives were aware that the "Murda Grove Boys" members were at the adjacent property filming a music video, Defendant failed to proffer evidence indicating that Agent Lofton knew this information when the search warrant affidavit was executed. Defendant's arguments are based upon unsworn and self-serving statements that are not corroborated by evidence or supporting affidavits. See, Franks, *supra*, 438 U.S. at 171-72, 98 S.Ct. at 2684 (stating that the purpose of submitting affidavits or sworn or reliable statements in support of a Franks violation is to obtain a hearing); See also, United States v. Richardson, 268 Fed.Appx. 868, 869 (11th Cir. 2008) (same).

Accordingly, Defendant's motion to suppress for a Franks violation is denied without a

CASE NO.: 10-cr-20410-LENARD/Turnoff

hearing.

The undersigned finds that, even if Defendant had met his burden and shown a material misrepresentation or omission, the search warrant would still be valid because, after setting aside the misstatements and including the omissions, the reformed application nonetheless established probable cause. Franks, 438 U.S. at 154; United States v. Martin, 615 F.2d 318, 328 (5th Cir. 1980). The fact that the various individuals were in the area filming a music video does not negate probable cause. As the Government noted, the significant fact is that co-conspirators in the drug trafficking were present at the property where narcotics were being distributed as evidenced by wiretap intercepts and information from a confidential informant. See, U.S. v. Harrington, 204 Fed.Appx. 784, 788 (11th Cir. 2006) (noting that "[e]ven though law enforcement officers observe circumstances which could have innocent explanations, it does not mean that probable cause does not exist").

Finally, although it is unnecessary to address the issue, the Court notes that, even if the Affidavit was found to be deficient in probable cause, suppression would be unwarranted pursuant to the exclusionary rule. In United States v. Leon, 468 U.S. 897, 104 S. Ct. 3405, 82 L.Ed.2d 677 (1984), the Supreme Court determined that the exclusionary rule did not require suppression of evidence gathered in good faith on a facially valid warrant. Here, the undersigned found that the affidavit supporting the search warrant was valid. As such, the agents were entitled to rely upon it in good faith.

## Conclusion

Based upon the foregoing, the undersigned concludes that Defendant Gray's allegations are

CASE NO.: 10-cr-20410-LENARD/Turnoff

insufficient to make a preliminary showing that the Government intentionally or recklessly misrepresented and/or omitted any information in the search warrant affidavit. The undersigned had previously determined that the Search Warrant was supported by probable cause. Even if the allegedly false statement was stricken and the information about the filming of the music video was included, the affidavit would still support probable cause to search the 3001 property. Accordingly, Defendant's Motion to Suppress for a Franks violation should be denied without a hearing.

## Recommendation

In light of the foregoing, it is the **RECOMMENDATION** of the undersigned that Defendant Artrell Terrence Gray's Motion to Suppress for a Franks Violation **[DE 675]** be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1)(c), the parties may file written objections to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Judge, within fourteen (14) days of receipt. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, this 13 day of May 2011.

**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc: Hon. Joan A. Lenard
All counsel of record